IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UZOAMAKA O. AKPELE,<br><br>　　Plaintiff,<br><br>v.<br><br>PACIFIC LIFE INSURANCE COMPANY, et al.,<br><br>　　Defendants.<br><br>PACIFIC LIFE INSURANCE COMPANY,<br><br>　　Plaintiff-in-Interpleader,<br><br>v.<br><br>UZOAMAKA O. AKPELE, et al.,<br><br>　　Defendants-in-Interpleader | CIVIL ACTION FILE NUMBER<br><br>1:12-CV-02170 WSD |

**MEMORANDUM OF LAW OF OPPENHEIMER & CO. INC. AND FREDERICK S. BROWN IN SUPPORT OF THEIR APPLICATION FOR AN ORDER REOPENING THIS MATTER, CONFIRMING THE ARBITRATION AWARD, AND DISMISSING THIS MATTER WITH PREJUDICE**

COME NOW Defendants Oppenheimer & Co. Inc. ("Oppenheimer") and

Frederick S. Brown ("Brown") and respectfully submit this Memorandum of Law

of Oppenheimer & Co. Inc. and Frederick S. Brown in Support of Their

- 1 -

Application for an Order Reopening This Matter, Confirming Arbitration Award, and Dismissing This Matter With Prejudice and show the following:

## INTRODUCTION

This motion is statutorily authorized by Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and is made, and heard by the Court in the same manner as a motion, as provided in Section 6 of the FAA, 9 U.S.C. § 6. Oppenheimer and Brown seek an Order (i) reopening this administratively closed matter, (ii) confirming the arbitration award issued on June 25, 2014, [see Declaration of James A. Nofi ("Nofi Declaration"), Exhibit 1], and (iii) dismissing, with prejudice, this action as against them. Plaintiff Uzomaka Akpele ("Mrs. Akpele), Oppenheimer and Brown were the only parties to the underlying arbitration.

## STATEMENT OF FACTS

In this action for a declaratory judgment, Mrs. Akpele sought a judgment against Oppenheimer, Brown , and the other defendants Pacific Life Insurance Company ("Pacific Life"), Jeremy G. Tintle ("Tintle"), Ann J. Herrera ("Herrera"), the temporary administrator of the Estate of Ignatius E. Akpele ("Akpele Estate"), and the AIE Surgical Practice LLC Defined Benefit Plan ("the

Defined Benefit Plan") declaring that Mrs. Akpele was the rightful and sole beneficiary of various tax deferred retirement investment accounts set up by her husband Ignatius E. Akpele ("Akpele") before his death in 2010. These included a variable annuity issued by Pacific Life and two investment accounts at Oppenheimer, a 401(k) account and an IRA. Brown and Tintle[1] were brokers at Oppenheimer who handled Akpele's accounts.

In an Opinion and Order dated March 18, 2013, this Court granted the motion of Oppenheimer and Brown to compel arbitration of all claims against them. See Nofi Declaration, Exhibit 2.[2]

In an Order entered on August 29, 2013, this Court denied, without prejudice, Mrs. Akpele's motion for a Default Judgment against Tintle. The Court, after noting that, pursuant to the settlement agreement, Mrs. Akpele's claims against Pacific Life and Pacific Life's counterclaims against Mrs. Akpele and third-party claims against the minor children and the Defined Benefit Plan had been dismissed and that the claims against Oppenheimer and Brown had

---

[1] Tintle is no longer employed by Oppenheimer.
[2] Pacific Life had commenced an interpleader action against Plaintiff and the Defined Benefit Plan and added as additional defendants her two minor children. By Consent Order dated July 16, 2013, the interpleader action was settled and Pacific Life and the minor children were dismissed from the action.

been ordered to Arbitration, further ordered the case administratively closed subject to a motion to reopen this matter after the conclusion of the Arbitration. See Nofi Declaration, Exhibit 3.

On or about April 29, 2013, Mrs. Akpele submitted her investment related claims to the FINRA-sponsored securities industry arbitration forum, naming as respondents Oppenheimer and Brown.

Mrs. Akpele signed and submitted a Uniform Submission Agreement on or about April 29, 2013, submitting the matters in controversy to arbitration under the authority of FINRA Dispute Resolution, Inc., and agreeing that a court of competent jurisdiction may enter judgment on any award. See Nofi Declaration, Exhibit 4.

On or about September 6, 2013, Oppenheimer submitted a Uniform Submission Agreement, signed on July 19, 2013, submitting the matters in controversy to arbitration under the authority of FINRA Dispute Resolution, Inc., and agreeing that a court of competent jurisdiction may enter judgment on any award. See Nofi Declaration, Exhibit 5.

On or about September 6, 2013, Brown submitted a Uniform Submission Agreement, signed on August 26, 2013, submitting the matters in controversy to arbitration under the authority of FINRA Dispute Resolution, Inc., and agreeing that a court of competent jurisdiction may enter judgment on any award. See Nofi Declaration, Exhibit 6.

As noted above, all parties – Mrs. Akpele, Oppenheimer, and Brown – executed and submitted a Uniform Submission Agreement submitting the matters in controversy to arbitration under the authority of FINRA Dispute Resolution, Inc. See Nofi Declaration, Exhibits 4, 5, and 6.

Pursuant to FINRA's procedures, Robert C. Port, Daniel E. Gulden, and John N. Brazeale were duly appointed as arbitrators (hereinafter "the Panel"). This matter was tried before the Panel from June 2 through June 6, 2014, in Atlanta, Georgia. The Panel in the arbitration proceeding (Case Number 13-01223) issued the Award (Nofi Declaration, Exhibit 1) in Atlanta, Georgia, on June 25, 2014. The Award is in favor of Oppenheimer and Brown and held that

"Respondents are not liable and Claimant's claims are denied in their entirety with prejudice."[3]

The Uniform Submission Agreements executed by all parties provide that any court of competent jurisdiction may enter a judgment on an arbitration award. Rule 10330(a) of the FINRA Code of Arbitration Procedure, which governed the arbitration proceedings between the parties, states that "awards may be entered as a judgment in any court of competent jurisdiction."

The Award has not been vacated, modified, or corrected pursuant to Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10 and 11. Accordingly, all requirements for entry of judgment on the Award have been satisfied, and, pursuant to Section 9 of the FAA, this Court must enter such judgment.

## ARGUMENT

### This Matter Should Be Reopened

Since the arbitration has been concluded, it is appropriate to reopen this matter so that the Arbitration Award may be confirmed and a judgment entered dismissing, with prejudice, all claims against Oppenheimer and Brown. It is

---

[3] The Arbitration Award also directed that Oppenheimer reimburse Mrs. Akpele the sum of $600 representing the non-refundable filing fee she previously paid to FINRA. That amount has been paid. See Nofi Declaration, Exhibit 7.

respectfully submitted that constitutes a proper ground for re-opening this administratively closed matter.

**The Arbitration Award Must be Confirmed Under Section 9 of the FAA**

Section 9 of the FAA provides that, if the arbitration agreement so provides, any party may seek judicial confirmation of the award.

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 an 1 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States Court in and for the district within which such award was made.

9 U.S.C. § 9.

The agreements at issue here clearly provide that this Court may enter an order confirming the Award. In the present case, the Uniform Submission Agreement signed by Mrs. Akpele, Oppenheimer, and Brown reflects, in pertinent part:

> The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.
>
> * * *
>
> **The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.**

Nofi Declaration, Exhibits 4, 5 and 6 (emphasis added).

The Award has not been vacated, modified, or corrected pursuant to Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10 and 11.

The Eleventh Circuit Court of Appeals has recognized "[t]he FAA presumes that arbitration awards will be confirmed, and 'federal courts should defer to an arbitrator's decision whenever possible.'" *World Bus. Paradise, Inc. v. SunTrust Bank*, 403 Fed. Appx. 468, 469, 2010 U.S. App. LEXIS 24254 (11th Cir. 2010) *citing Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1321 (11th Cir. 2010). The Eleventh Circuit Court of Appeals, along with numerous other courts, has held

that confirmation of an arbitration award is intended to be summary in nature and can only be denied if the award has been corrected, vacated or modified under the FAA. *Frazier*, 604 F.3d at 1321; *Drexel Burnham Lambert Incorporated v. Pyles*, 701 F.Supp. 217, 219 (N.D. Ga. 1988); *see also Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986); *Rico Maritime Shipping authority v. Star Lines, Ltd.*, 496 F. Supp 14, 15 (S.D.N.Y. 1979). No grounds exist for this Court to do anything but confirm the Award.

As set forth above, the Award was properly made under valid arbitration agreements that provided that a court such as this could enter judgment on the award. It has not been vacated, modified, or corrected. Accordingly, this Court must enter judgment on the Award and dismiss this action as to Oppenheimer and Brown.

**WHERERORE** Defendants Oppenheimer & Co. Inc. and Frederick S. Brown pray that this Court grant their application to reopen this administratively closed matter, confirm the arbitration award, and dismiss, with prejudice, this matter as to Oppenheimer and Brown, together with such other and further relief which this Court deems just and proper.

This 11th day of July 2014.

                                                Respectfully submitted,

                                                /s/ James A. Nofi
                                                     James A. Nofi
                                                        Ga. Bar No. 545418
                                                Attorney for Defendants
                                                **OPPENHEIMER & CO. INC. and**
                                                **FREDERICK S. BROWN**

LAW OFFICE OF JAMES A. NOFI, LLC
2002 Summit Boulevard
Suite 300
Atlanta, Georgia 30319
(404) 684-8844
(678) 303-9387 (Fax)
james.nofi@nofilaw.com

# CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

Pursuant to the Court's Standing Order No. 04-01, and Local Rule 5.1B, NDGa., the foregoing pleading was prepared in Book Antiqua, 13 point, and was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record and by depositing same in the U.S. Mail with adequate postage affixed thereto addressed to the *pro se* Defendant Jeremy Tintle:

Bobby C. Aniekwu, Esq.
Bobby C. Aniekwu & Associates
127 Peachtree Street, N.E.
Suite 1300, The Candler Building
Atlanta, Georgia 30303-1800

Ann J. Herrera, Esq.
Russell & Herrera
201 Swanton Way
Decatur, Georgia 30030

H. Sanders Carter, Jr.
Dorothy H. Cornwell
Smith Moore Leatherwood LLP
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309

Brent L. Wilson, Esq.
Elarbee, Thompson, Sapp & Wilson, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303

Jeremy Tintle
10 Glenlake Parkway
Suite 140, South Tower
Atlanta, GA 30328

Jeremy Tintle
88 Highland Drive
Hawley, PA 18428

This 11th day of July 2014.

/s/ James A. Nofi
James A. Nofi
(Georgia Bar No. 545418)

LAW OFFICE OF JAMES A. NOFI, LLC
2002 Summit Boulevard, Suite 300
Atlanta, Georgia 30319
(404) 684-8844
(678) 303-9387 (Fax)