IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UZOAMAKA O. AKPELE, | |
| Plaintiff, | |
| v. | 1:12-cv-02170-WSD |
| PACIFIC LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for an Order to Reopen This Matter to Confirm the Arbitration Award and Dismiss This Case With Prejudice [70], and Plaintiff's Motion to Vacate the Arbitration Award [81].

### I.   BACKGROUND

On May 17, 2012, Plaintiff Uzoamaka O. Akpele ("Plaintiff") filed this action in the Superior Court of Fulton County, Georgia, against Defendants Pacific Life Insurance Company ("Pacific Life"), Oppenheimer & Company, Inc. ("Oppenheimer"), Jeremy G. Tintle ("Tintle"), Frederick S. Brown ("Brown"), and Ann J. Herrera, in her capacity as Temporary Administrator of the Estate of Ignatius E. Akpele.  Plaintiff's claims arise from her discovery, after the death of her husband Ignatius E. Akpele ("Decedent"), that she was not the designated

beneficiary of certain financial accounts at Pacific Life and Oppenheimer, which were owned or controlled by Decedent before his death.  Plaintiff claims that, before the Decedent died, Defendants unlawfully changed, from Plaintiff to others, the designated beneficiary of various tax deferred retirement investment accounts setup by her husband before his death.  These accounts included a variable annuity ("annuity") issued by Pacific Life and two investment accounts at Oppenheimer.  Brown and Tintle were brokers at Oppenheimer who handled the Decedent's retirement savings accounts.

Because Plaintiff's Complaint alleged misconduct based on Defendants' performance of their duties as a broker pursuant to a brokerage account relationship requiring arbitration, on March 18, 2013, the Court granted Oppenheimer and Brown's Motion to Compel Arbitration of Plaintiff's claims against them.  On April 29, 2013, Plaintiff submitted her claims against Oppenheimer and Brown to an Arbitration Panel ("Panel") sponsored by the Financial Industry Regulatory Authority ("FINRA").  On July 16, 2013, Plaintiff settled her claims against Pacific Life, and Pacific Life was dismissed from this action.  From June 2, 2014 to June 6, 2014, the Panel held a hearing in Atlanta, Georgia, and issued an Award in favor of Oppenheimer and Brown.  The Panel concluded that Pacific Life was responsible for paying Plaintiff the amount owed

under the annuity. The Panel found that Oppenheimer and Brown were not liable, and denied Plaintiff's claims with prejudice. On July 11, 2014, Oppenheimer and Brown moved to confirm the Award, and requested the Court to dismiss Plaintiff's claims against them with prejudice. Plaintiff contends that the Award should be vacated because (1) the Panel refused to consider two documents that Plaintiff failed to timely produce to Oppenheimer and Brown, and (2) the Panel's decision was arbitrary, capricious, contrary to the evidence, and exceeded the Panel's powers. Plaintiff objects to the Panel's decision to exclude copies of the Defined Benefit Plan Adoption Agreement ("Adoption Agreement") of a Defined Benefit Plan ("DBP") sponsored by the Decedent's medical practice, and the Basic Plan Trust ("Trust") of the DBP. It is undisputed that the Adoption Agreement and the Trust designate Plaintiff as the primary beneficiary of Decedent's retirement savings accounts. The terms of the Trust provide:

> Designation of Beneficiary: Each Participant shall have the right to designate a Beneficiary to receive any death benefits provided by this Plan. A Participant shall have the right at any time to change his designated Beneficiary without the consent of such Beneficiary. However, any Beneficiary designation (or subsequent designation) shall require the consent of the Participant's Spouse pursuant to Section 8.05. Such right shall be exercised only by an instruction signed by the Participant and delivered to the Plan Administrator for its direction to the Trustee.

Basic Plan Document for First Actuarial Corporation Defined Benefit Plan, Art. VI at p. 39.

The Adoption Agreement provides:

> II(q) **Subsidization:** The Qualified Joint and Survivor Annuity and Qualified Pre-Retirement Survivor Annuity shall not be a fully subsidized benefit unless elected otherwise below:
>
> > { }   (1) The Qualified Joint and Survivor Annuity shall be a fully subsidized benefit.  (NOTE: *If this option is selected, no optional form of benefit may be selected in Item II(k).*).
> >
> > {X}   (2) The Qualified Pre-Retirement Survivor Annuity shall be a fully subsidized benefit (NOTE: If this option is selected, a Participant (or Spouse) cannot waive the Qualified Pre-Retirement Survivor Benefit).[1]

Adoption Agreement at p. 14

The Panel excluded the admission of the Trust and Adoption Agreement because Plaintiff failed to produce them twenty (20) days before the hearing. Rule 12514(a) of FINRA's Code of Arbitration Procedures for Customer Disputes ("Code") provides: "[a]t least 20 days before the first scheduled hearing date, all parties must provide all other parties with copies of all documents and other materials in their possession or control that they intend to use at the hearing that have not already been produced." FINRA Rule 12514(a). Under Rule 12514(c) of the Code, the Panel has the authority to exclude documents or other materials that

---

[1] At the arbitration hearing before the Panel, Defendant's expert testified that because this provision was selected by the Decedent, Plaintiff was entitled to 100% of the Decedent's pre-retirement benefits, including any benefits payable at Decedent's death.  Pl.'s Mot. for Vacatur at 36.

4

are not produced in the time prescribed by the Code.  FINRA Rule 12514(c).

## II.     DISCUSSION

### A.     Legal Standard

A federal court's confirmation of an arbitration award is usually routine or summary because the Federal Arbitration Act ("FAA") "imposes a heavy presumption in favor of confirming arbitration awards." Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 842 (11th Cir. 2011) (internal quotation marks and citations omitted).  Under Section 9 of the FAA, the Court must confirm an arbitrator's award unless it is vacated, modified, or corrected in accordance with Sections 10 and 11 of the FAA.  9 U.S.C. § 9.  "There is a presumption under the FAA that arbitration awards will be confirmed, and 'federal courts should defer to an arbitrator's decision whenever possible.'"  Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010) (citations omitted).  Section 10 of the FAA permits an arbitration award to be vacated only under four narrow circumstances:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to

> hear evidence pertinent or material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

The first two factors are not at issue here. Under the third factor, a Court may vacate an arbitration award if the arbitrators' refusal to hear certain evidence prejudiced the rights of the parties. Aviles v. Charles Schwab & Co., Inc., 435 F. App'x 824, 828 (11th Cir. 2011). "Arbitrators enjoy wide latitude in conducting an arbitration hearing." Id. Courts typically do not question arbitrators' evidentiary rulings unless the arbitrators act in bad faith or their rulings effectively deprive a party of a fair hearing. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 40 (1987).

Under the fourth factor, the Court does not revisit the legal merits of the award or the factual basis for the arbitrators' decisions. Wiand v. Schneiderman, No. 14-11203, — F.3d. —, 2015 WL 525694, at *6 (11th Cir. Feb. 10, 2015). An award is not vacated unless a plausible ground for the arbitrator's decision cannot be inferred from the facts. Id. "'It is not enough . . . to show that the [arbitrators] committed an error—or even a serious error.'" Southern Mills Inc. v. Nunes, 586 F. App'x 702 (11th Cir. 2014) (quoting Stolt-Nielsen S.A. v. AnimalFeeds

6

Int'l Corp., 559 U.S. 662, 671 (2010)). "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." Id.

B.   Analysis

The Panel's decision to exclude the Adoption Agreement and Trust from the proceedings was reasonable. Plaintiff failed to comply with Rule 12514(a) of the Code, which required Plaintiff to produce, to Oppenheimer and Brown, a copy of the Adoption Agreement and Trust, at least, twenty days (20) before the date of the hearing. Plaintiff's failure to comply with FINRA's rules that relate to the arbitration proceedings is uncontested. In light of Plaintiff's discovery violation, the Panel's decision to exclude the Adoption Agreement and Trust was not made in bad faith, and it did not deprive Plaintiff of a fair hearing.
See United Paperworkers, 484 U.S. at 40.

Even if the documents should not have been excluded, the decision to exclude them did not prejudice Plaintiff because the Panel's decision was consistent with their terms. The limited record of the proceedings quoted and described in Plaintiff's own brief shows that the Panel found that Pacific Life was responsible for paying the full amount owed under the annuity. Pl.'s Mot. for Vacatur at 24-32. To reach this conclusion, the Panel accepted that Plaintiff, and

not other individuals designated by the Decedent, was—just as Plaintiff urges—the primary beneficiary entitled to Decedent's retirement savings. The Adoption Agreement and Trust indicate that the Decedent could not change the designated beneficiary of his accounts without Plaintiff's approval. This fact was accepted by the Panel and the Panel found that Pacific Life was required to pay Plaintiff the amount owed under the annuity.

Plaintiff alleges that shortly before his death, and after Decedent and Plaintiff made the decision to divorce, Oppenheimer and Brown conspired with the Decedent to fraudulently change the designated beneficiaries of the annuity from Plaintiff to their children, J.A. and M.A., in equal shares. To plausibly conclude that Pacific Life, and not Oppenheimer and Brown, were liable to Plaintiff for the amount owed under the annuity, the Panel necessarily had to conclude that Plaintiff remained the designated beneficiary under the variable annuity account. Plaintiff elicited testimony from Defendant's expert regarding the Adoption Agreement, and the expert interpreted the Adoption Agreement to conclude that the benefits were payable to Plaintiff. Id. at 35-37. The Court finds that the Panel's decision to exclude the Adoption Agreement and Trust did not prejudice Plaintiff because the evidence contained within those documents was elicited through witness testimony, and the Panel gave Plaintiff the benefit of any evidentiary value that the

documents had at the hearing by concluding that she was the primary beneficiary.

Plaintiff does not provide a factual basis for her argument that, under 9 U.S.C. § 10(a)(4), the Panel exceeded its powers or "so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Plaintiff contends that evidence of her status as the designated beneficiary of the Decedent's retirement accounts was overwhelming, and faced with this evidence, the Panel rendered an irrational award in favor of Oppenheimer and Brown. This hyperbole is inconsistent with the facts and the Panel's factual findings.

The Panel agreed that Plaintiff was the designated beneficiary of the annuity. Its decision to deny Plaintiff's claims against Oppenheimer and Brown was based, in part, on its conclusion that Pacific Life was obligated to pay the full amount owed under the annuity. Plaintiff sued Pacific Life and settled her claim with Pacific Life, which was obligated to pay Plaintiff as the primary beneficiary of the annuity. Plaintiff does not explain why the Panel's finding that Pacific Life, and not Oppenheimer and Brown, is obligated to pay the full amount of the annuity "strays from interpretation and application of the [contracts] and effectively dispenses [the Panel's] own brand of industrial justice that [its] decision may be unenforceable." Southern Mills Inc. v. Nunes, 586 F. App'x at 702 (quoting Stolt-

9

Nielsen S.A., 559 U.S. at 671).

The Panel heard testimony from Defendant's expert that the DBP was required by law to be funded by an insurance product, such as an annuity, and Pacific Life was obligated to pay any death benefits to the designated beneficiary. Def.'s Opp. to Pl.'s Mot. for Vacatur at 19.  Even if the Court assumes that the Panel's decision to shift liability completely from Oppenheimer and Brown to Pacific Life is a serious legal error—which the Court finds it was not—, the Panel's decision cannot be characterized as its own "brand of industrial justice" that requires the Court to vacate the Award.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for an Order to Reopen This Matter to Confirm the Arbitration Award and Dismiss This Case With Prejudice is **GRANTED** [70].

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate the Arbitration Award is **DENIED** [81].

**IT IS FURTHER ORDERED** that the remaining motions pending in this matter are **DENIED AS MOOT**.

**SO ORDERED** this 18th day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE